NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STRIKEFORCE TECHNOLOGIES, INC., | : | |
| | : | **Civil Action No. 13-1895 (SRC)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| WHITESKY, INC., | : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant WhiteSky, Inc. ("Defendant" or "WhiteSky") to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff StrikeForce Technologies, Inc. ("Plaintiff" or "StrikeForce") has opposed the motion. For the following reasons, the motion to dismiss the Amended Complaint will be denied.

The Amended Complaint sets forth four claims for relief: breach of contract, misappropriation of trade secrets under New Jersey's Trade Secrets Act, promissory estoppel and unjust enrichment. Plaintiff filed the Amended Complaint upon leave of Court following Defendant's motion to dismiss the Complaint, which was granted in part and denied in part. In the July 11, 2013 Opinion pertaining to the motion to dismiss the Complaint, the Court summarized the background of the case and discussed the legal claims and factual allegations at length. Repetition of the details is not necessary here. It suffices to note that the

1

misappropriation and breach of contract claims dismissed by the Court related to Defendant WhiteSky's allegedly unauthorized use of Plaintiff StrikeForce's trade secrets and intellectual property as well as Defendant's disclosure of such matters to third parties. The Court found that the Complaint pled insufficient factual allegations to support Plaintiff's claims of misappropriation and violation of the contract's confidentiality provisions but observed that the claims might be viable if the required factual predicate were pled in compliance with Federal Rule of Civil Procedure 8(a). Accordingly, it granted StrikeForce leave to file an Amended Complaint adding factual allegations to cure the deficiencies discussed in the Opinion.

The parties are of course familiar with the standard of review applied by the Court on a motion to dismiss pursuant to Rule 12(b)(6). As set forth in the Court's July 11, 2013 Opinion, for a complaint to survive a Rule 12(b)(6) motion, it must 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)

WhiteSky moves to dismiss the Amended Complaint on the basis that the additional facts pled by StrikeForce concerning Defendant's alleged misappropriation of trade secrets and its otherwise unauthorized use and/or disclosure of confidential information are "demonstrably false." The truth or falsity of factual allegations is not, however, a question properly before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The law is clear that, to determine the sufficiency of a pleading according to the requirements of Federal Rule of Civil Procedure 8(a), the Court must accept a complaint's factual allegations as true.

Iqbal, 556 U.S. at 678; Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 74 (3d Cir. 2011). Moreover, Defendant's argument that the Amended Complaint fails to state a claim because it contains, in Defendant's view, "false" allegations necessarily requires the Court to consider material outside the Amended Complaint. Again, this approach contravenes the well-established parameters of the Court's scope of review on a Rule 12(b)(6) motion, which is limited to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993).

Facing precisely this response by Plaintiff in its brief in opposition to the motion, Defendant switches the focus of its argument. Rather than press the position that the misappropriation claims are based on false allegations, Defendant argues in its reply brief that the materials and methods allegedly disclosed by WhiteSky to third parties are not "trade secrets" and do not qualify for protection under the New Jersey Trade Secrets Act. The Court will not consider this argument because, as Plaintiff correctly points out in its August 29, 2013 letter, it was not developed in Defendant's moving brief and thus Plaintiff had no meaningful opportunity to oppose the argument.[1] Other than a cursory and unsupported statement that the Amended Complaint fails to allege facts showing that the material and methods disclosed are protected information under the Trade Secrets Act or otherwise confidential within the meaning of the parties' agreement, Defendant's moving brief does not identify how or why the Amended Complaint is deficient in this respect. Instead, WhiteSky presents all of its argument on this

---

[1] Plaintiff also asks in the August 29 letter for an opportunity to file a sur-reply brief. Because the Court will not entertain Defendant's contention that the Amended Complaint must be dismissed because it fails to plead the unauthorized use or disclosure of protectable trade secrets, a sur-reply brief is not warranted.

point in the reply brief.  A reply brief, however, "should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."  Bayer AG v. Schein Pharma. Inc., 129 F.Supp.2d 705, 716 (D.N.J. 2001), aff'd 301 F.3d 1306 (2002).  New arguments raised for the first time in a reply brief may be disregarded by the Court.  Id.; Anspach v. City of Philadelphia, 503 F.3d 256, 259 n. 1 (3d Cir.2007) (observing that absent compelling circumstances, "failure to raise an argument in one's opening brief waives it.").

Having reviewed the Amended Complaint, and the additional factual allegations concerning Defendant's disclosure of Plaintiff's software and confidential information pertaining to Plaintiff's methods for field highlighting, keystroke protection and other software functions, the Court is satisfied that the four claims asserted in the Amended Complaint meet the pleading standard of Rule 8(a), as articulated by the Supreme Court in Iqbal and Twombly.  The Amended Complaint alleges that WhiteSky has engaged in a number of emails and telephone calls with a third party, a competitor of StrikeForce known as Zemana, in which WhiteSky has allegedly explained how StrikeForce's anti-keylogging technology works.  It specifically avers that "on April 25, 2012, WhiteSky emailed Zemana a file containing StrikeForce's Customized Software, in its entirety, and instructed Zemana to copy, recreate and/or replicate the StrikeForce Customized Software so that the WhiteSky-Zemana joint product worked in the same manner as the Desktop Products containing the StrikeForce software had."  (Am. Compl., ¶ 10.)  The Court concludes that the Amended Complaint survives this motion to dismiss.  If, following appropriate discovery, Defendant believes that it can demonstrate on a summary judgment motion that Plaintiff fails to identify any protectable trade secrets which were improperly disclosed by Defendant or cannot demonstrate that it was otherwise injured in violation of the

confidentiality provisions in the contract between the parties, Defendant is free to make a summary judgment motion, subject, of course, to Rule 56(d)'s limitation on obtaining such relief when further factual development is necessary.[2]

An Order denying Defendant's motion to dismiss the Amended Complaint will be filed.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  September 11, 2013

---

[2] The Court acknowledges that WhiteSky has also filed a motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11 on the grounds that the new factual allegations included in the Amended Complaint, which were intended to cure the Complaint's deficiencies, not only lack evidentiary support but are "recklessly and demonstrably false." (See Mem. of Law in Support of Def. Mot. for Sanctions Pursuant to Fed.R. Cvi. P. 11, at 2.)  A Rule 11 motion, however, is not a substitute for a motion for summary judgment pursuant to Rule 56. The former is concerned with the obligation of a party and/or its attorney to conduct a reasonable inquiry into the factual and legal bases of all claims, whereas the latter provides a mechanism for the disposition of a claim where there is no genuine dispute as to any material fact.