NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STRIKEFORCE TECHNOLOGIES, INC., | : : | Civil Action No. 13-1895 (SRC) |
| Plaintiff, | : : | |
| v. | : : | OPINION |
| WHITESKY, INC., | : : | |
| Defendant. | : : : : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant WhiteSky, Inc. ("Defendant" or "WhiteSky") for sanctions to be imposed against Plaintiff StrikeForce Technologies, Inc. ("Plaintiff" or "StrikeForce") and its counsel pursuant to Federal Rule of Civil Procedure 11. Plaintiff has opposed the motion. For the following reasons, the motion for Rule 11 sanctions will be denied.

    **I.**    **BACKGROUND**

      The instant motion for sanctions is based upon Plaintiff's filing of the Amended Complaint, which Defendant contends contains "demonstrably false" factual allegations. In particular, these factual allegations were added to the pleadings to bolster Plaintiff's claims for misappropriation of trade secrets under New Jersey law and for breach of contractual provisions protecting certain confidential information from disclosure and unauthorized use. These claims,

1

which had been asserted in Plaintiff's Complaint, were dismissed without prejudice upon Defendant's Rule 12(b)(6) motion for failure to plead sufficient facts according to Rule 8(a) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court, however, gave Plaintiff leave to file an Amended Complaint to cure that deficiency. After Plaintiff filed the Amended Complaint, Defendant once again brought a Rule 12(b)(6) motion. Similar to this motion for Rule 11 sanctions, the motion to dismiss the Amended Complaint was based primarily on the argument that the new allegations were "demonstrably false." That motion was denied, in large part because Defendant's challenge to the Amended Complaint, asserting that the factual allegations were contradicted by evidence, extended beyond the Court's scope of review when a party challenges the sufficiency of a claim under Rule 12(b)(6).

This Court has written several opinions which set forth the factual background of the dispute underlying this action. Because the Court writes only for the parties, repetition of the background is not necessary here. Rather, the Court will focus on the newly added factual allegations that Defendant maintains Plaintiff has included in the Amended Complaint in violation of Rule 11.

## II.   DISCUSSION

Rule 11 imposes on a party who signs a pleading, motion or other paper with the court "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991); Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994). In relevant part, Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(1)-(3).  The Court is authorized to sanction attorneys and/or the litigants themselves for committing a violation of Rule 11. Fed. R. Civ. P. 11(c)(1).

In this case, WhiteSky has argued that various factual allegations included in the Amended Complaint are patently groundless, which is demonstrated, WhiteSky maintains, by evidence available to StrikeForce before it filed its Amended Complaint.  WhiteSky asserts that, in compliance with the safe harbor provision of Rule 11, it served notice of this motion on StrikeForce, indicating its intention to file the motion if StrikeForce did not withdraw the allegedly offending allegations.  FED. R. CIV. P. 11(c)(2).  StrikeForce did not do so, and now WhiteSky requests that the Court sanction StrikeForce by striking the allegations pled in violation of Rule 11 and awarding attorneys' fees incurred in filing this motion.

The allegations giving rise to this motion mainly concern an April 25, 2012 email sent by Defendant WhiteSky to Zemana, a third-party competitor of StrikeForce in creating antikeylogging applications.  The Amended Complaint alleges that WhiteSky attached to that email a file containing StrikeForce's "Customized Software" and instructed Zemana to copy it so

3

that Zemana's antikeylogger could work exactly the way StrikeForce's had when integrated into the overall WhiteSky computer and internet security product.  The Amended Complaint further alleges that the information disclosed, that is, the attached software, is not publicly available and that WhiteSky, as a licensee of the software and pursuant to the parties' Agreement, was required to maintain its confidentiality.  The Amended Complaint avers that in sharing the Customized Software with Zemana, WhiteSky disclosed confidential information, in violation of its Agreement with StrikeForce, and/or disclosed trade secrets protected under New Jersey law.

According to WhiteSky, the uncontroverted facts demonstrate that the software sent to Zemana was not a "trade secret" with the meaning of the New Jersey Trade Secrets Act or confidential information under the Agreement because it was available to the public.  WhiteSky argues that it is undisputable that the software attached to the email was publicly available in two ways: One, it contends that the email to Zemana did not attach a stand-alone file containing StrikeForce's antikeylogger software (i.e., the Customized Software) but rather sent WhiteSky's own Constant Guard Protection Suite product, which incorporated the Customized Software as a component.  According to WhiteSky, the facts show that it sent Zemana exactly the same software – the Constant Guard Protection Suite – that has been marketed and distributed to millions of consumers with Plaintiff's authorization. Two, it contends that the Customized Software is "nothing more than a stripped down version of StrikeForce's GuardedID software, which Strike Force itself offers as a free trial download via the internet . . . ." (Def. Br. at 6.) WhiteSky thus concludes that, in light of these facts, which StrikeForce either knew or would have known upon a reasonable investigation, StrikeForce could not in good faith have made

4

allegations that WhiteSky disclosed a protected trade secret and/or improperly shared confidential information with a third party.

      WhiteSky's position that Plaintiff has violated Rule 11 revolves around the assertion that it is apparent that the file shared with Zemana in the April 25, 2012 email, insofar as the attached file disclosed and/or incorporated the Customized Software, is not entitled to trade secret protection. As Plaintiff's opposition brief makes clear, the facts on which WhiteSky bases this motion are in dispute, as is the very issue of whether the information disclosed constitutes a trade secret. StrikeForce contends (1) that the Customized Software is a unique product distinct from others offered to the public by WhiteSky (as part of the Constant Guard Protection Suite) or by StrikeForce itself, (2) that the Customized Software is made available only to WhiteSky pursuant to the terms of the Agreement and (3) that the Customized Software does not lose it trade secret protection and/or confidential nature simply by incorporation into WhiteSky's Constant Guard Protection Suite. A review of the April 25, 2012 email itself, which WhiteSky has submitted in support of its Rule 11 motion, hardly makes clear exactly what information WhiteSky shared with Zemana in the file it attached. In it, an employee of WhiteSky provides some instruction and writes: "it will install our product and in so doing, it will also install 'our' antikeylogger. When you look in the Control Panel, our product is Constant Guard Protection Suite and the antikeylogger is GuardedID." (Decl. of David Watkins, Ex. A at WS002254.)

      The Court acknowledges that the parties have a factual and legal dispute over the information shared by WhiteSky with Zemana and over the protected status of such information, whether under the New Jersey Trade Secrets Act or the Agreement between WhiteSky and StrikeForce. Rule 11, however, is not directed toward addressing such disputes. Rather, Rule 11

focuses on the conduct of counsel.  It places on an attorney who signs a pleading a nondelegable responsibility to conduct a pre-filing inquiry to satisfy himself that the document is well-grounded in both fact and law. Business Guides, 498 U.S. at 542. In determining whether a party or attorney has violated the duties of Rule 11, the Court must apply an objective standard of reasonableness under the circumstances.  Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 92 (3d Cir.1988); see also Brubaker Kitchens, Inc. v. Brown, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.").  The Third Circuit has held that "[a]n inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact."  Bensalem Twp., 38 F.3d at 1314.

WhiteSky has not demonstrated that had StrikeForce conducted an objectively reasonable investigation before filing the Amended Complaint, it would have discovered that its legal and/or factual contentions concerning misappropriation of trade secrets and disclosure of confidential information were groundless.  This deficiency in WhiteSky's motion is brought into sharp relief not only by the parties' factual disagreement about exactly what information was disclosed in the WhiteSky-to-Zemana email of April 25, 2012 (with opposing views as to WhiteSky's intention in sending Zemana a file containing antikeylogging software and the recipient's capability to derive confidential aspects of the attached file) but also by the nuanced and complex question of the contours of protectable interests in information under New Jersey law, be it under the trade secret statute or the state's body of caselaw recognizing broader

6

protections. See Thomas & Betts Corp. v. Richards Mfg. Co., 342 F. App'x 754, 758-59 (3d Cir. 2009) (citing Lamorte Burns & Co. v. Walters, 167 N.J. 285, 299 (2001). In other words, there is simply no indication that StrikeForce has committed a Rule 11 violation in filing the Amended Complaint.

For the same reasons, Plaintiff's inclusion in the Amended Complaint of the other allegedly offending allegations regarding trade secret violations fails to give rise to a Rule 11 violation. WhiteSky's motion also takes issue with StrikeForce's averments that it taught WhiteSky how to implement proprietary aspects of the StrikeForce software, such as the CryptoColor feature for field highlighting, and generally shared its confidential methodologies and processes with WhiteSky in the course of performing the parties' antikeylogging licensing Agreement. It argues that pleading such averments violates Rule 11 because they "cannot be supported by any evidence" and because even the most basic inquiry by counsel would have revealed that the information shared was commonly known in the industry and thus not "trade secrets." (Def. Br. at 9.) Again, these concerns reflect disagreement regarding the facts and law and do not establish that StrikeForce filed a pleading it knew, or upon reasonable investigation should have known contained groundless or frivolous claims.

Rule 11's obligations and the sanctions it authorizes a court to impose for violations aim "to curb abusive litigation tactics and misuse of the court's process." Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Rule 11 sanctions, the Third Circuit has stressed, should be imposed to penalize irresponsible lawyering, not to address the strength or merits of a claim. Mary Ann Pensiero, 847 F.2d at 94-95. The rule is not an appropriate vehicle for resolving legal or factual disputes. Cook v. Rockwell Int'l Corp., 147 F.R.D. 237, 248 (D. Colo. 1993) (citing

7

Mary Ann Pensiero, Inc., 847 F.2d at 95); see also Hillsborough County v. A&E Road Oiling Svc., Inc., 160 F.R.D. 655, 659 (M.D. Fla. 1995) (denying motion for Rule 11 sanctions, holding that the plaintiff's "erroneous interpretation of the law and facts does not warrant Rule 11 sanctions."). Nor, as the Court observed in its September 11, 2013 Opinion denying WhiteSky's motion to dismiss the Amended Complaint, can Rule 11 be misused by litigants as a substitute for a Rule 56 motion for summary judgment. See Mary Ann Pensiero, Inc., 847 F.2d at 95 (holding that "Rule 11 may not be invoked because an attorney, after time for discovery, is unable to produce adequate evidence to withstand a motion for summary judgment.").

Indeed, the Court feels compelled to note that despite making that observation in its September 11, 2013 Opinion, Defendant nevertheless pressed forward with this motion for Rule 11 sanctions. The filing of the instant motion, together with Plaintiff's underwhelming motion for a preliminary injunction, Defendant's second Rule 12(b)(6) motion based on evidence extraneous to the Amended Complaint and the parties' repetitive disputes about appropriate briefing reveal excessively litigious conduct, with little effort concentrated on driving the dispute towards resolution. Going forward, the parties and their counsel would be well-served to avoid tactics that divert attention from developing the factual record through discovery and litigating the case based on its merits.

8

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for sanctions pursuant to Rule 11 will be denied. An appropriate Order will be filed.

                                             s/Stanley R. Chesler
                                             STANLEY R. CHESLER
                                             United States District Judge

Dated: October 9, 2013